UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY SAMUEL TOTA,

                 Plaintiff,

                                                                             **Hon. Hugh B. Scott**

                 v.

                                                                              06CV514S

                                                                               **Order**

FRANZEN, et al.,

                 Defendants.

      Before the Court is plaintiff's motion for sanctions against defense counsel, Corporation Counsel Marilyn Fiore-Nieves of Jamestown (Docket No. 14). Plaintiff, proceeding <u>pro se</u>, contends that Fiore-Nieves failed to investigate the facts of this case prior to serving the City of Jamestown's Answer (Docket No. 8).

      Plaintiff filed his Complaint on July 31, 2006, alleging that, on August 4, 2003, special weapons and tactics teams from the Jamestown Police Department and Chautauqua County Sheriff's Department used excessive force upon him (<u>see</u> Docket No. 1, Compl.). Pertinent to this motion, the City of Jamestown answered on October 30, 2006 (Docket No. 8). Plaintiff now complains that Jamestown's third affirmative defense (Docket No. 8, Jamestown Ans. ¶¶ 5-7) made several factual assertions that lack a factual basis, namely giving an averment of the facts that occurred on August 3, 2003, that plaintiff set fire to his porch, that he aimed a shotgun at firefighters coming to put out that fire (Docket No. 14, Pl. Aff. ¶¶ 10, 12, 13, 15, 16, 18). Plaintiff denies setting the fire and claims that he aimed at only a single firefighter (<u>id.</u> ¶¶ 14, 19, Ex. A (copy of portion of plea agreement transcript)). Finally, plaintiff complains that Fiore-

Nieves avers that he has "a history of mental health issues" (see Docket No. 8, Jamestown Ans. ¶ 7), without a factual basis and whatever basis violated his right to confidentiality regarding his medical and mental condition (Docket No. 14, Pl. Aff. ¶¶ 21-22, 25-27) and that the allegation that he needed medication but declined it was contradictory (id. ¶¶ 22-24). He contends that Fiore-Nieves made these false representations in bad faith and for improper purposes, such as harassment (id. ¶ 28).

Plaintiff seeks monetary sanction against Fiore-Nieves only and not against her client and does not seek claim preclusion or other dispositive relief, cf. Fed. R. Civ. P. 11(c)(1)(A) (if warranted, sanctions against attorney may award to prevailing party its reasonable expenses and attorney's fee). The undersigned has jurisdiction to consider this motion, see Weeks Stevedoring Co. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 304 (S.D.N.Y. 1997) (Magistrate Judge's decision on Rule 11 sanctions is not dispositive), cited in AI Consulting LLC v. Cello Partnership, No. 04CV1841, 2006 U.S. Dist. LEXIS 14917, at *1 n.1 (D. Conn. 2006) (Martinez, Mag. J.); Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 75 (S.D.N.Y. 1991) (Lee, Mag. J.) (Magistrate Judge has jurisdiction for monetary sanctions under 28 U.S.C. § 1927, similar to Rule 11 sanctions).

The Court **denies** plaintiff's motion for sanctions. The attorney's signature on a pleading under Rule 11(b) represents to the Court (among other things) that the factual assertions have "evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3). Fiore-Nieves asserted the factual allegations in Jamestown's third affirmative defense on information and belief (see Docket No. 8, Jamestown Ans. ¶¶ 6-7). Plaintiff's denials as to some particulars

are not sufficient breach of Rule 11 requirements to sanction Jamestown's counsel. Rule 11(b) has not been violated by Jamestown's Answer here.

    So Ordered.

                                           /s/ Hugh B. Scott
                                          Honorable Hugh B. Scott
                                          United States Magistrate Judge

Dated: Buffalo, New York
       November 28, 2006