UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY SAMUEL TOTA,

                Plaintiff,

                                                              **Hon. Hugh B. Scott**

                v.                                          06CV514S

                                                             **Order**

FRANZEN, et al.,

                Defendants.

Before the Court is plaintiff's motion (Docket No. 28[1]) to reconsider the Scheduling Order (Docket No. 22), which the Court has construed as also a motion to compel production from defendants. Plaintiff seeks the identity of unknown John Doe Jamestown Police Department Special Weapons and Tactics officers and John Doe Chautauqua County Sheriff's Department Special Weapons and Tactics officers (collectively "John Doe SWAT Officers"). As a result, plaintiff states that he cannot amend the Complaint before the deadline set in the Scheduling Order to name these John Does because defense counsel has refused to produce discovery or disclosure to identify the officers (Docket Nos. 27, 28). Plaintiff also claims that he

---

[1] In support of this motion, plaintiff has filed his motion, Docket No. 28; his letter to confer with parties, dated February 19, 2007, and filed March 8, 2007, Docket No. 27; his letter to correct clerical errors and add an exhibit, Docket No. 30; and his reply, Docket No. 35.
    In opposition, the Chautauqua County defendants filed their attorney's responding affidavit, Docket Nos. 32, 33. The Jamestown city defendants filed their attorney's responding declaration, Docket No. 34, which was filed late due to difficulties complying with the Court's Electronic Case Filing guidelines.

cannot conduct discovery necessary to learn the identity of these officers within the time for motions for leave to amend the Complaint.

The Court issued a briefing schedule which had responses due by March 30, 2007, and any reply by April 13, 2007 (Docket No. 29).

## BACKGROUND

This is an excessive force and other civil rights violation action commenced by plaintiff, proceeding <u>pro se</u>, following his arrest which involved SWAT teams from the Jamestown Police Department and the Chautauqua County Sheriff in August 2003.

After a scheduling and status conference on February 8, 2007 (Docket No. 21), the Court issued a Scheduling Order, which gave the parties the customary thirty days from the date of that conference to amend pleadings, or by March 8, 2007 (Docket No. 22). That Order also set deadlines for Alternative Dispute Resolution (<u>id.</u>[2]). Discovery was set to end by July 9, 2007[3], with dispositive motions due by October 9, 2007, and pretrial statements (if no motions were filed) by December 3, 2007 (<u>id.</u>).

Defendants separately moved to opt out of the Court's Alternative Dispute Resolution program (Docket Nos. 23, 25) and those motions were granted by Judge Skretny (Docket No. 26, Order of Mar. 5, 2007).

---

[2] A mediator was to be stipulated to by February 22, 2007, a motion to opt out was due by February 23, 2007. The initial mediation session was to begin on April 10, 2007, with mediation to end by August 10, 2007. Docket No. 22, Order ¶ 2.

[3] Expert disclosure by plaintiff was due by April 2, 2007, by defendants by May 7, 2007, and all expert disclosure completed by June 1, 2007. Motions to compel are due thirty days before the discovery deadline, or by June 9, 2007. Docket No. 22, Order ¶¶ 4, 3.

*Plaintiff's Motion*

Plaintiff complains that defendants have not identified the John Doe SWAT officers who arrested and seized plaintiff and did not respond to plaintiff's specific requests to identify these officers (as opposed to the officers at the scene or involved in other aspects of the arrest) (Docket No. 28, Pl. Motion). While the Chautauqua County defendants responded, ultimately producing the names of all County SWAT officers at the scene, they did not address plaintiff's particular question of which officers were involved in his arrest. He later complains that Jamestown's belated response was "ambiguous and evasive" like that from Chautauqua County (Docket No. 35, Pl. Reply ¶ 10). Plaintiff seeks additional time in which to move for leave to amend the Complaint and extend generally the Scheduling Order (Docket No. 28, Pl. Motion). He did not state how long he would need to amend the Complaint or give a particular date, but he tried to amend his Complaint with discovery (including possible motions to compel, id. Pl. Aff. ¶ 12), stating that the motion to compel deadline was June 9, 2007. He states that if the June 9, 2007, is too long, the March 8, 2007, deadline for amendments is too short (id.).

The Chautauqua County defendants state that they do not object to extending the deadline for amendment of pleadings or extending dates generally (Docket No. 32, Chautauqua County Defs. Atty. Aff. ¶ 5) and argue that within plaintiff's moving papers is a letter from them identifying all the County personnel involved in this incident (Docket No. 32, Defs. Responding Aff. ¶ 4 (citing Docket No. 28, Ex. G, letter defense counsel to plaintiff, dated Feb. 19, 2007); see Docket No. 28, Pl. Motion ¶¶ 13-15). Defense counsel, however, declined to compile for plaintiff a narrative of what the SWAT officers did during the incident (Docket No. 32, Defs. Responding Aff. ¶ 5).

The Jamestown defendants (collectively hereinafter "Jamestown") also state that they had no objection to reconsidering the Scheduling Order (Docket No. 34, Jamestown Atty. Aff. ¶ 2) but disagree with plaintiff's request for sanctions and his characterization of the disclosure to date, arguing that plaintiff had all documents he required in December 2006 (Id. ¶¶ 2-3). Jamestown argues that it produced a copy of its entire police file to plaintiff in December 2006 and listed all Jamestown Police officers who were members of the Chautauqua County SWAT team (id. ¶ 3). Jamestown contends that plaintiff seeks to have defense counsel do his work for him to state which officers should be named in an Amended Complaint (id.). Jamestown notes that law enforcement officers from various departments, for example the New York State Police, area town and village police departments, were at the scene of plaintiff's ultimate arrest in August 2003 (id. ¶ 4). Jamestown states that plaintiff was given copies of all statements from the incident (id.). Jamestown seeks denial of plaintiff's motion (id., WHEREFORE Cl., at 3).

Plaintiff replies that his motion only sought an extension of the scheduling Order and was not a motion to compel, noting that he did not certify good faith efforts to resolve discovery matters as required by Federal Rule of Civil Procedure 37 (Docket No. 35, Pl. Reply, ¶¶ 1, 2, 3, 6). He also denies that his motion sought sanctions (id. at fifth unnumbered page "Conclusion").

## DISCUSSION

I.  Standards

Under Federal Rule of Civil Procedure 16, modification of a Scheduling Order is done only upon a showing of good cause. Fed. R. Civ. P. 16(b); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d ed. 1990). "In the absence of some showing of why an extension is warranted, the scheduling order shall

control." Id. at 231.  This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown.

Under Rule 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court.  Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires.  Granting such leave is within the sound discretion of the Court.  Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"  Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).  If a plaintiff is proceeding pro se (as plaintiff is here), leave to amend should be freely granted.  Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988) (pro se should be freely afforded opportunity to amend).

II.   Extension of the Scheduling Order

The Scheduling Order entered here followed the standard deadlines the Court uses in pretrial management of cases.  Absent reasons to the contrary, it is expected that parties need only thirty days from the Scheduling Conference to file motions for leave to amend pleadings or to add parties.  See 28 U.S.C. § 473(a)(2)(D) (Civil Justice Reform Act of 1990 guideline for "setting, at the earliest practicable time, deadlines for filing motions and a time framework for their disposition").

Plaintiff has shown good cause to revisit the schedule, given his difficulties in obtaining information identifying the John Doe officers involved in his arrest. Neither set of defendants object to extending either the amendment deadline or the Scheduling Order generally. Therefore, the Court **grants** plaintiff's motion and reconsiders the Scheduling Order.

Plaintiff did not state how much time he would need to amend the Complaint, but stated that he needed discovery to identify the John Doe officers and declined the Court's construction of this motion as one to compel disclosure to facilitate that discovery. He presented as a possible outside date the present deadline for motions to compel, June 9, 2007, but conceding that this may be too long (Docket No. 28, Pl. Aff. ¶ 12). As a result, the extension of time for plaintiff's motion for leave to amend the Complaint is **granted**; plaintiff has **sixty days** from entry of this Order to move for leave to amend his Complaint, or by **July 2, 2007**[4]. Given Judge Skretny's grant of defendants' motions to opt out (see Docket Nos. 26, 23, 25), the portion of the Scheduling Order for those dates is now moot.

As a result of extending time for plaintiff to amend his pleading, the deadlines for discovery and remaining elements of this case need to be changed. Plaintiff's expert disclosure is now due by **June 4, 2007**; defendants' expert disclosure is due by **July 6, 2007**; all expert disclosure shall be completed by **July 31, 2007**. Discovery (fact and expert) shall conclude by **September 7, 2007**, and motions to compel are due thirty days prior, or by **August 7, 2007**. Dispositive motions are due by **December 7, 2007**; if no motions are filed, pretrial statements will be due by **February 4, 2008**.

---

[4]The sixtieth day actually is Saturday, June 30, 2007; the next business day is Monday, July 2, 2007.

Dates for final pretrial conference before Judge Skretny and start of the trial will be stated in a separate Order.

Given that the parties opted out of the Court's Alternative Dispute Resolution program, this Court separately may schedule pretrial conferences before the undersigned to monitor the status of this action and the possibility of settlement.

III.    Disclosure of SWAT Team Officers

Anticipating that the next issue would involve compelling defendants to identify the John Doe defendants (see Docket No. 28, Pl. Aff. ¶ 12) and to expedite matters, the Court construed this motion as one also seeking to compel.  Here, neither defense counsel for Chautauqua County nor Jamestown defendants have identified the John Doe SWAT officers to the level that plaintiff expected.  Plaintiff believes that he not only needs the names of these officers but also details about their respective participation (in other words, who did what to him) before he can amend his Complaint and his time to do so under the Scheduling Order has run out before defendants have responded his pending demands.  In response to this motion, the parties have apparently conferred and defendants have offered to provide information or means of discovering the information plaintiff now seeks (see Docket No. 35, Pl. Reply ¶¶ 10, 12, 13) and plaintiff is not now seeking to compel defendants.  Plaintiff argues that his motion is only for reconsideration of the Scheduling Order and not to compel.

Plaintiff is entitled to learn the identities of these officers in order to amend the Complaint; initial disclosure under Rule 26(a) requires as much, see Fed. R. Civ. P. 26(a)(1)(A). The extension of time ordered above should give plaintiff sufficient time to conduct discovery on identifying these officers (among other discovery issues) to allow him time to amend the

Complaint.  Plaintiff stated his intention to serve other discovery requests (such as interrogatories or depositions) to identify the officers involved and to learn the full scope of any officer's actions (see Docket No. 35, Pl. Reply ¶ 12).  If he still has problems compelling responses to discovery in this area (or in others), he has time (extended by this Order) to move to compel, after taking the necessary steps of attempting to confer with counsel to avoid discovery motion practice, see Fed. R. Civ. P. 37(a)(2)(A).

## CONCLUSION

For the reasons stated above, plaintiff's motion to reconsider the Scheduling Order (Docket No. 28), is **granted**.  The Scheduling Order (Docket No. 22) is amended as discussed above.  To wit, plaintiff has **sixty days** from entry of this Order to move for leave to amend his Complaint, or by **Monday, July 2, 2007**; Plaintiff's expert disclosure is now due by **June 4, 2007**; defendants' expert disclosure is due by **July 6, 2007**; all expert disclosure shall be completed by **July 31, 2007**; discovery (fact and expert) shall conclude by **September 7, 2007**, and motions to compel are due thirty days prior, or by **August 7, 2007**; dispositive motions are due by **December 7, 2007**; if no motions are filed, pretrial statements will be due by **February 4, 2008**.  Dates for final pretrial conference before Judge Skretny and start of the trial before him will be stated in a separate Order.  The Court may schedule pretrial conferences, also by separate Order.

So Ordered.

                                                                      */s/ Hugh B. Scott*
                                                          Honorable Hugh B. Scott
                                                          United States Magistrate Judge

Dated: Buffalo, New York
       May 1, 2007