UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY SAMUEL TOTA,

                                   Plaintiff,

                                                          **Hon. Hugh B. Scott**

                    v.                                    06CV514S

                                                          **Order**

FRANZEN, City of Jamestown Police Officer,
JAMESTOWN POLICE DEPARTMENT,
JOHN DOES, City of Jamestown, SWAT Officers,
and Chautauqua County Sheriff's Department Special
Weapons and Tactics Officers,
DAVID W. BENTLEY, Chautauqua County Sheriff's
Department Special Weapons and Tactics Officer,
COUNTY OF CHAUTAUQUA,
CITY OF JAMESTOWN,

                                   Defendants.

        Before the Court are various motions, most from the plaintiff (proceeding pro se)

objecting to the format of defendants' discovery requests.  Plaintiff filed four motions (Docket

Nos. 42, 43, 50, 59), while the Chautauqua County defendants filed one motion (Docket No. 54),

and Jamestown defendants (collectively hereinafter "Jamestown") did not file any motions.

        In the first motion, plaintiff objects to the Chautauqua County defendants' deposition

notice to him (Docket No. 42[1]), Plaintiff's second motion (Docket No. 43) seeks to "vacate" the

_____

[1]In support of this motion, plaintiff filed his declaration and attached exhibits, Docket
No. 42, and his reply declaration with additional exhibits, Docket No. 44.  Filed just prior to this
motion is defense counsel's affidavit responding to this motion, Docket No. 41.

Chautauqua County defendants' Interrogatories.  Given these defendants' prompt response to these motions, the Court initially did not issue a briefing schedule for this motion.

Later, plaintiff moved for extension of time to amend the Complaint (Docket No. 50[2]) by extending the Amended Scheduling Order (Docket Nos. 37, 38, 39) by six months.  This is plaintiff's second motion to extend the Scheduling Order (Docket No. 50, Pl. Decl. ¶ 2; cf. Docket Nos. 28 (motion), 37, 38).  Plaintiff has sought the identities of unknown John Doe Jamestown Police Department Special Weapons and Tactics officers and John Doe Chautauqua County Sheriff's Department Special Weapons and Tactics officers (collectively "John Doe SWAT Officers").  As a result, plaintiff states that he cannot amend the Complaint before the deadline set in the Amended Scheduling Order to name these John Does because defense counsel has refused to produce discovery to identify these officers (Docket No. 50).  The Court issued a briefing schedule which had responses to this motion due by August 24, 2007, and any reply by August 31, 2007, and the motion initially was deemed submitted (without oral argument) on August 31, 2007 (Docket No. 53).

Later, the Chautauqua County defendants moved to compel plaintiff to comply with their discovery demands and to appear at his deposition (Docket No. 54[3]).  The Court issued a briefing schedule which had responses to this motion due by August 24, 2007, and any reply by August 31, 2007 (Docket No. 55). The Court then consolidated argument of these pending

---

[2]In support of this motion, plaintiff has filed his declaration with exhibits, Docket No. 50. Defendants did not file any response.

[3]In support of this motion, the Chautauqua County defendants filed their attorney's affidavit, Docket No. 50.  In opposition, plaintiff filed his declaration with exhibits, Docket No. 57.

2

motions on September 6, 2007 (Docket No. 55), and deemed all motions submitted on that date (Docket No. 63).

On August 29, 2007, plaintiff then moved to vacate defendant City of Jamestown's Interrogatories (Docket No. 59[4]).  The Court conducted a status conference on this motion on September 6, 2007 (Docket No. 60), and then decided that motion with the others.  This motion was deemed submitted with the other argued on September 6, 2007 (see Docket No. 63).

## BACKGROUND

This is an action alleging excessive force and other civil rights violations commenced by plaintiff following his arrest by members of the special weapons and tactics ("SWAT") teams from the Jamestown Police Department and the Chautauqua County Sheriff on August 4, 2003. Plaintiff filed his Complaint on July 31, 2006 (see Docket No. 1, Compl.).  Chautauqua County, county SWAT officer Bentley, and county SWAT John Doe officers (collectively the "Chautauqua County defendants") answered on September 27, 2006 (Docket No. 3); the City of Jamestown answered on October 30, 2006 (Docket No. 8).

*Deposition Notice and Plaintiff's First Motion*

The Chautauqua County defendants served a deposition notice upon plaintiff, dated June 21, 2007 (Docket No. 42, Pl. Decl. Ex. B).  That notice, in the format for a New York State court deposition under article 31 of the New York Civil Practice Law and Rules, set the deposition for August 2, 2007, at "1:00 o'clock in the forenoon" at the offices of the Jamestown Corporation Counsel, before a court reporter (id.).  The covering letter from the county's defense counsel for this notice, however, indicated that the deposition was to be held at 10:00 am on

---

[4]In support of this motion, plaintiff filed a correcting document, Docket No. 61.

August 2, 2007 (id. Ex. E).  The notice called upon plaintiff to produce "any and all documents,

reports, memoranda, or other documents regarding the incident in his possession, custody, or

control which relates to the matters upon which he is to be examined," (id. Ex. B), while the

cover letter noted that plaintiff's medical records before and after the incident were at issue (id.

Ex. E).  It does not appear that Jamestown defendants have separately noticed plaintiff's

deposition and plaintiff has not moved to object to Jamestown's discovery.

Plaintiff filed his first motion (Docket No. 42, filed July 20, 2007, dated July 16, 2007)

objecting to that deposition notice and seeking to vacate it as defective and unreasonable.

Plaintiff raises five objections to this notice.  First, the notice cites the New York Civil Practice

Law and Rules rather than Rule 30 of the Federal Rules of Civil Procedure applicable for this

action (Docket No. 42, Pl. Decl. ¶ 4).  Second, he objects to the confusion of the time indicated

on the notice, namely whether "1:00 o'clock in the forenoon," means 1:00 am or 1:00 pm and

whether the Chautauqua County defendants intended to depose him at 10:00 am (as indicated in

the cover letter) or 1:00 o'clock am or pm (as stated in the deposition notice) (id. ¶¶ 5-7).  Third,

plaintiff objects to the documents he was asked to bring for that deposition, stating that the

categories of documents were not specified in the notice (id. ¶¶ 8-9, 11-12) nor specified the

reasonable amount of time under Federal Rule of Civil Procedure 34(b) to produce these items

(id. ¶ 10).  Fourth, plaintiff objects to the notice not naming the officer before whom the

deposition would be conducted in order for plaintiff to know whether he has a basis to raise an

objection to that officer (id. ¶ 13).  Fifth, plaintiff objects that the notice was not signed by

defense counsel, citing to the requirement under Federal Rule of Civil Procedure 11 (id. ¶ 14, Ex.

J).  In his reply declaration, plaintiff also noted that the revised notice also was not signed by defense counsel (Docket No. 44, Pl. Reply Decl. ¶ 7, Ex. G).

In a response that crossed with the filing of plaintiff's motion, Chautauqua County defendants' counsel filed an affidavit addressing most of these points (Docket No. 41).  On the first objection, defense counsel stated that he served a corrected notice with references to the Federal Rules of Civil Procedures (id. Chautauqua County Defs. Atty. Aff. ¶¶ 3, 4; cf. Docket No. 44, Pl. Reply Decl., Ex. G).  On the second objection, the Chautauqua County defendants stated that their new notice indicates the correct time for the deposition (Docket No. 41, Chautauqua County Defs. Atty. Aff. ¶ 6).  As for the third objection, the Chautauqua County defendants state that the new notice clarifies what documents plaintiff is to bring to the deposition (id. ¶ 7).  On the fourth objection, the Chautauqua County defendant identified the court reporter will be a reporter from Advantage Court Reporting, leaving the assignment of the particular reporter to that firm (id. ¶ 8).  They did not address the final objection, as to the signature of the notice.  The Chautauqua County defendants also noted that plaintiff did not call him to note these objections to the deposition notice, but instead filed the instant motion (id. ¶ 5, see id. ¶ 6).

In reply, plaintiff gives a point-by-point refutation of defense counsel's arguments, repeating contentions plaintiff raised in his motion (Docket No. 44, Pl. Reply Decl. ¶¶ 2-6), and noting that the revised notice (id. Ex. G) was not signed by counsel as required by Rule 11 (id. ¶ 7).  During argument of these motions, plaintiff stated that the notices were unsigned in violation of Rule 26(g).

*Defense Interrogatories and Plaintiff's Second and Fourth Motions*

Plaintiff next objects to the Chautauqua County defendants' Interrogatories (Docket

No. 43, Ex. A) because they also were based upon the New York Civil Practice Law and Rules

(Docket No. 43). He seeks relief under Federal Rules of Civil Procedure 26, 33, and 5 to vacate

the Interrogatories because of lack of jurisdiction and improper service. He objects that the

Interrogatories were not served and filed (as required in this Court for pro se discovery) (see id.

Pl. Decl. ¶¶ 6, 7).

Again, the Court did not initially set a briefing schedule for this motion, but later

consolidated its argument with the other pending motions on September 6, 2007 (Docket

No. 55).

Plaintiff then moved to vacate Jamestown's Interrogatories, arguing that the

Interrogatories were not properly served, were not filed (as required for pro se action discovery),

and were "cumulative or duplicative" of questions asked by codefendants (Docket No. 59).

*Chautauqua County Defendants' Motion to Compel*

After plaintiff failed to appear at his August 2, 2007, deposition, the Chautauqua County

defendants moved to compel his appearance and to have him respond to their discovery demands

(namely their Interrogatories and to execute a medical authorization) (Docket No. 54, Defs.'

Atty. Aff. ¶¶ 4, 3, 5-6). Jamestown has not moved to compel plaintiff to respond to their

discovery (cf. Docket No. 55, briefing scheduling Order setting deadline of August 13, 2007, for

all motions to compel). Responses to this motion were due by August 24, 2007, any reply by

August 31, 2007, and the motion was argued (with the others) on September 6, 2007 (Docket

No. 55).

6

Plaintiff responds that the Court cannot consider defendants' motion until it first deals

with his motion to vacate defense discovery notices (Docket No. 57).  He argues that defense

counsel fails to certify good faith efforts to resolve their discovery dispute (id., Pl. Decl. ¶ 11).

*Plaintiff's Third Motion for Extension of Time*

After a scheduling and status conference on February 8, 2007 (Docket No. 21), the Court

issued the initial Scheduling Order, which gave the parties the customary deadline of thirty days

from the date of that conference, or by March 8, 2007, to amend pleadings (Docket No. 22) and,

in particular here, to name additional or unknown parties.  Discovery was set to end by July 9,

2007, with dispositive motions due by October 9, 2007, and pretrial statements (if no motions

were filed) by December 3, 2007 (id.)[5].

Plaintiff then moved for reconsideration of this Scheduling Order, arguing that defendants

have not identified the John Doe SWAT Officers and thus plaintiff could not move to amend the

Complaint by the initial Scheduling Order deadline (Docket No. 28).  The Court treated

plaintiff's motion, in part, as a motion to compel discovery and granted that relief as well as

extending the Scheduling Order (Docket Nos. 37, 38; see Docket No. 50, Pl. Decl. ¶ 12).  Under

the current Amended Scheduling Order thus ordered, plaintiff had sixty days to move for leave to

amend his Complaint, or by Monday, July 2, 2007[6] (Docket Nos. 37, 38; see Docket No. 50, Pl.

Decl. ¶ 4, Ex. A).  Plaintiff's expert disclosure was due by June 4, 2007; defendants' expert

---

[5]That Order also referred this case to the Court's pilot Alternative Dispute Resolution
mediation program, Docket No. 22.  But defendants moved to opt out of that program, Docket
Nos. 23 (Chautauqua County defendants), 25 (Jamestown), and the Court granted those motions,
Docket No. 26.

[6]The sixtieth day actually was Saturday, June 30, 2007; the next business day was
Monday, July 2, 2007.

disclosure was due by July 6, 2007; all expert disclosure was to be completed by July 31, 2007;

discovery (fact and expert) concludes by September 7, 2007, and motions to compel were due

thirty days prior, or by August 7, 2007 (Docket Nos. 37, 38).  Dispositive motions are due by

December 7, 2007, and, if no motions are filed, pretrial statements will be due by February 4,

2008 (id.).

Plaintiff now complains that defendants have not identified the John Doe SWAT officers

who arrested and seized plaintiff and did not respond to plaintiff's specific requests to identify

these officers (Docket No. 50).  Plaintiff states that defendants' earlier disclosure was ambiguous

and remains to him ambiguous (id. Pl. Decl. ¶ 5).  On June 5, 2007, plaintiff served

Interrogatories on defendant Officers Franzen (of the Jamestown Police Department) and Bentley

(of the Chautauqua County Sheriff's Department) asking each of them to identify the officers

who arrested him (id. ¶¶ 6, 10).  Jamestown's response indicated that it furnished the entire

police file relative to plaintiff's arrest (id. ¶ 7, Ex. B).  Plaintiff contends, however, that

Jamestown has not provided information required to allow him to amend his Complaint (id. ¶ 8).

Plaintiff believes that the police officers are engaging in a cover up, starting from the arrest; for

example, the arrest report merely identifies the arresting officer as the "Swat Team" (id., Ex. C).

Plaintiff argues that Jamestown has not responded to plaintiff's Interrogatories (id. ¶ 11a.).

As for Chautauqua County defendants, plaintiff claims that their answers to

Interrogatories provides an "ambiguous list" of names of participants in the incident, despite

defense counsel's earlier assertion that he did not have any names (id. ¶ 9, Ex. D, Ans. to

Interrog. Nos. 7, 8, 9, 10-11, 12).  He also complains that the answers were untimely (id. ¶ 11b.,

Exs. D, E), not properly served (since they lacked proof of service (id. ¶ 11a., at page 7[7])), not

signed by defendant Bentley as required by Rule 33 (id. ¶ 11b., at page 7) or verified (id. ¶ 11c.;

see also id. Ex. F[8]), see Fed. R. Civ. P. 33(b)(1), (2).  But, as with his earlier motion (see Docket

No. 35, Pl. Reply Aff.  ¶¶ 1-3), plaintiff does not seek to compel defendants' answers (or

corrected or supplemented answers) to his Interrogatories.

Chautauqua County defendants identified officers from the Sheriff's Department (id.

Ex. D, Ans. to Interrog. Nos. 10-11), Jamestown Police Department (id. Ex. D, Ans. to Interrog.

Nos. 7-9), and other law enforcement agencies (id. Ex. D, Ans. to Interrog. No. 12, namely

New York State Police Department) and their roles in the incident, the arrest, seizure, and

transport of plaintiff.  (See also Docket No. 56, Chautauqua County defendants' Interrogatories.)

The County defendants deny that the Jamestown Police Department officers participated in

plaintiff's arrest or seizure (Docket No. 50, Pl. Decl. Ex. D, Ans. to Interrog. No. 8).

Plaintiff argues that he has been diligent in attempting to identify these SWAT officers

but defendants have failed to comply with his discovery demands (id. ¶ 13), concluding that

defendants have gone from supplying ambiguous information to no information at all (id. ¶ 14).

Absent this information (as he argued before), plaintiff cannot amend his Complaint (id. ¶ 15).

He noted his communications with Chautauqua County defendants' counsel regarding this

---

[7]Plaintiff has two sets of subparagraphs a and b in paragraph 11 of his Declaration.

[8]Reprinting page from uncited treatise, at page 693 n. 24, possibly Steven Baicker-McKee, William J. Janssen & John B. Corr, Federal Civil Rules Handbook 2006 (cited by plaintiff in other papers, e.g., Docket No. 57, Exs. D, G, H), citing this Court's decisions in Davidson v. Goord, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) (Foschio, Mag. J.) and Buffalo Carpenters Pension Fund v. CKG Ceiling and Partition Co., 192 F.R.D. 95 (W.D.N.Y. 2000) (Curtin, J.).

dilemma (id. ¶ 18, Ex. G) where plaintiff recounted his telephone conversations with defense counsel seeking to have the interrogatory answers reanswered, but does not mention similar communication with Jamestown's counsel.

Plaintiff argues that he has fulfilled the requirements to obtain an extension of time (id. Concl. at 5-6). Plaintiff seeks a six-month extension of the time to amend pleadings or (if the Court deems this amount of time excessive) a "reasonable amount of time to amend the Complaint," although plaintiff believes that an amount of time less than six months "is not a reasonable time allottment [sic] for the Plaintiff to amend the Complaint" (id. Relief Requested at 6). It must be noted that plaintiff has not moved to compel defendants to respond (or respond more definitively) to his discovery demands.

The Court issued a briefing schedule for this motion which had responses due by August 24, 2007, and any reply by August 31, 2007, and the motion initially was deemed submitted (without oral argument) on August 31, 2007 (Docket No. 53). Later, the Court had this motion argued with the others, on September 6, 2007 (Docket No. 55).

The Chautauqua County defendants and Jamestown did not submit any response.

## DISCUSSION

Initially, in order to not delay discovery further[9] and noting that the parties appeared to have fully briefed the motion to vacate the deposition notice in the exchange of responses and replies (see Docket Nos. 42, 41, 44) and the similar issues were adequately raised regarding the defendants' Interrogatories, the Court at first did not issue a briefing and argument schedule. The

---

[9]Motions to compel discovery were due by August 7, 2007, and the discovery deadline is September 7, 2007, Docket No. 38.

Court later scheduled argument for all pending discovery and scheduling motions on September 6, 2007 (Docket No. 55).

The Chautauqua County defendants' revised deposition notice was not filed, cf. Fed. R. Civ. P. 5(d) (deposition notices are not to be filed with the court "until they are used in the proceedings or the court orders filing"); W.D.N.Y. Loc. Civ. R. 7.1(a)(1) (repeating Rule 5(d), but requiring filing of all discovery materials in pro se cases), but it was included as an exhibit to plaintiff's reply (Docket No. 44, Ex. G).  The Court reminds defendants of their obligation to file their discovery, in particular the notices for depositions (both the original and revised notices), as required by this Court's Local Civil Rules, W.D.N.Y. Loc. Civ. R. 7.1(a)(1), which applies to all parties where one party proceeds pro se and not merely for the party appearing pro se.

I.      Discovery Motion Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).

Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Under Rule 26(c),

this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not allowing a proposed disclosure or discovery device, or conditioning the time and manner of that discovery.  Fed. R. Civ. P. 26(c)(1), (2)-(3); see id. R. 26(c)(4) (limit the scope or the matters inquired into).  Under Rule 26(c), the Court has power to protect against abuses in discovery.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).  The appropriateness of a protective order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought. Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005).  This Court has broad discretion in issuing such a protective order.  Seattle Times, supra, 467 U.S. at 36.  Under Rule 26(c), prior to obtaining a protective order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention, Fed. R. Civ. P. 26(c).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  Failure of a deponent to be sworn or to answer a question at his deposition may be considered a contempt of court, id. R. 37(b)(1).  Further, if a party fails to appear at his deposition or fails to answer or object to Interrogatories, the Court may make such orders as are just, including sanctions available under Rule 37(b)(2)(A) (facts deemed admitted), (B) (claim preclusion), or (C) (striking pleadings, dismissal of action), Fed. R. Civ. P. 37(d).

12

In addition to these sanctions for either the protective Order or the Order to Compel, the non-responsive party may be subject to the reasonable attorney's fees and costs associated with the motion to compel, Fed. R. Civ. P. 37(b)(2), (d).

Here, plaintiff has not shown his efforts or attempts at resolving these matters prior to making his motions.  As the Chautauqua County defense counsel notes for the deposition notice, plaintiff could have made a telephone call to counsel and noted the objections to the notice (see Docket No. 41, Def. Atty. Aff. ¶¶ 5, 6).  Had plaintiff (for example) made that telephone call, defense counsel probably would have sent the revised notice that came as a result of this motion, without seeking judicial intervention.  Similarly, plaintiff failed to call to note the formal defects in the Chautauqua County defendants' Interrogatories.  Since plaintiff has not followed this prerequisite, his motions for essentially a protective order regarding the deposition or to strike defendants' interrogatories (Docket Nos. 42, 43) are **denied**.

II.     Deposition Notice

The Chautauqua County defendants' motion (Docket No. 54) compels the Court to consider the merits of plaintiff's earlier objections.  Plaintiff has raised a few points, but they appear to have been corrected by the revised notice (see Docket No. 44, Ex. G).  The notice should have referred to, and followed, the Federal Rules of Civil Procedure.  The time of the deposition should have been clearly indicated, see Fed. R. Civ. P. 30(b)(1), as well as the categories of documents that plaintiff needed to have at that deposition, see id. R. 30(b)(5), 34. The revised notice (id.) adequately addresses these two points.  Changing from the New York State format to the federal corrects some of plaintiff's initial objections, compare West

McKinney's Form, § 6:155 (form for notice to take deposition under N.Y. CPLR 3107) with

Bender's Forms § 2.200:14 (form for notice to take deposition under Fed. R. Civ. P. 30).

Objections as to the officer to take the deposition under Rule 30(c) occurs at the start of

the deposition and plaintiff as the deponent has no right to advance notice of who that officer is.

Rule 30 refers to Rule 28, which describes the officer before whom depositions may be taken,

such as an officer authorized to take oaths by laws of the United States or New York State (where

this deposition is scheduled to occur) or a person appointed by the Court, Fed. R. Civ. P. 28(a).

Rule 30(c) merely requires the officer to note objections (including objections to the

qualifications of that officer).

The Chautauqua County defendants' revised notice here (Docket No. 44, Ex. G) discloses

the reporting firm that would taking plaintiff's testimony.  If plaintiff has an objection to that

firm or the particular reporter taking his testimony, under Rule 30(c) he may raise that objection

during the deposition.

Thus, the objections raised are mooted by the revised notice.  Plaintiff contends, however,

that this Court should not consider the new notices because of his pending motion against the

original notices (Docket No. 57, Pl. Decl. ¶¶ 14-16) and that this second notice was unsigned (id.

¶¶ 18-19).  He also notes that Jamestown's notice was also unsigned, hence he did not appear at

the City's deposition (id. ¶¶ 22-25).  Jamestown, however, has not moved to compel plaintiff's

deposition.

Defendant Chautauqua County's motion to compel plaintiff's attendance at his deposition

(Docket No. 54) is **granted** and plaintiff's motion to vacate the notice (Docket No. 42) is **denied**.

The parties shall re-notice this deposition (in the format outlined above) for a mutually

14

convenient date.  Later in this Order (see Part VI, infra), the Court will set the deadline for concluding discovery, including this deposition.

III.     Defense Interrogatories

Again, since plaintiff failed to allege that he has attempted in good faith to resolve this issue prior to making this motion, Fed. R. Civ. P. 26(c), his motions to "vacate" defendants' Interrogatories (Docket Nos. 43, 59) also are **denied**.  Alternatively, on the merits, plaintiff's objections do not reach the substance of the Interrogatories (that is, the questions posed by defendants).  Rather, it only addresses the procedural defects (of the Chautauqua County defendants) in using a state court format for a federal action, which could easily by corrected by serving Interrogatories pursuant to the Federal Rules (cf. Docket No. 47 (Chautauqua County Defs. Interrogatories)), and (of Jamestown) failing to file and serve proof of service and failure to file the pro se discovery.  As a result, the Chautauqua County defendants' motion to compel plaintiff to answer these Interrogatories (Docket No. 54) is **granted**.

The only substantive claim here is plaintiff's contention the defendant Jamestown's questions are duplicative and cumulative to those asked by the Chautauqua County defendants. As separate parties, the Chautauqua County defendants and Jamestown can pose the same questions and not be duplicative or cumulative.  They need not jointly pose their discovery.  Each defendant has a different interest from the others that they can individually explore, despite the obvious overlap of their inquiries.  Plaintiff's claim of oppression due to the apparent duplication would have been stronger if plaintiff had responded to the Chautauqua County defendants' Interrogatories (with copies to Jamestown) and then Jamestown posed the identical questions

already asked and answered by plaintiff.  To date, plaintiff has not answered any defense
Interrogatories.  Therefore, on the merits, plaintiff's motion is also **denied**.

Plaintiff, facing these apparently duplicate requests, may respond either in such a way that
cross-references responses provided to another defendant or serve an omnibus response
answering (for example) all defense interrogatories in one document and served upon all parties.

IV.     Signature Requirements for Discovery

As for the signature requirement for the deposition demand (Docket No. 42, Pl. Decl.
¶ 14, Ex. J), Rule 11 by its own terms does **not** apply to "disclosure and discovery requests,
responses, objections, and motions that are subject to the provisions of Rules 26 through 37,"
Fed. R. Civ. P. 11(d).  As plaintiff apparently noted during oral argument, Rule 26(g)(2) has its
own signature requirement for discovery requests, and if the request is not signed "it shall be
stricken unless it is signed promptly after the omission is called to the attention of the party
making the request . . . and a party shall not be obligated to take any action with respect to [the
request] unless it is signed."  Thus, the Chautauqua County defendants can cure any signature
omission by signing the revised deposition notice or have it promptly signed once that omission
was called to defense counsel's attention.  During argument, defense counsel indicated that the
letter sent with the deposition notice (signed by counsel, see Docket No. 44, Ex. D) served as the
notice itself.

Since this is a pro se action and any discovery requests need to be filed, W.D.N.Y. Loc.
Civ. R. 7.1(a)(1), and filed electronically by counsel, the signature requirement would be the one
for electronically filed documents, W.D.N.Y. ECF Admin. Guidelines § 2. g. iii.  That is, the
filed and served copies are signed with the "s/attorney's name," the name and firm address as the

signature, with the original of the documents signed in the traditional manner but retained in the file of the filing attorney, available upon the Court's or other parties' request to inspect, id. § 2 g. v.  Thus, the revised deposition notice (Docket No. 44, Ex. G), would suffice as a signature, save missing the "s/," an omission easily corrected.  Plaintiff's objection on the grounds of Rule 11 or under Rule 26(g) is **denied**.

V.      Standards under Rule 16 to Modify the Scheduling Order

Under Federal Rule of Civil Procedure 16, modification of a Scheduling Order is done only upon a showing of good cause.  Fed. R. Civ. P. 16(b); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d ed. 1990). "In the absence of some showing of why an extension is warranted, the scheduling order shall control."  Id. at 231.  This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown.

Under Rule 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court.  Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court.  Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"  Foman, supra,

371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).  As noted by plaintiff (Docket No. 50, Pl. Decl.

¶ 16), if a plaintiff is proceeding pro se, leave to amend should be freely granted, Frazier v.

Coughlin, 850 F.2d 129, 130 (2d Cir. 1988) (pro se should be freely afforded opportunity to

amend).

VI.     Extension of the Scheduling Order

     A.      Extension of Amended Pleading Deadline

This is the second request by plaintiff to extend the Scheduling Order (or so much of the

Order to extend the time to amend pleadings).  The Scheduling Order (both the initial and

Amended Orders) entered here followed the standard deadlines the Court uses in pretrial

management of cases.  Absent reasons to the contrary, it is expected that parties need only thirty

days from the Scheduling Conference to file motions for leave to amend pleadings or to add

parties.  See 28 U.S.C. § 473(a)(2)(D) (Civil Justice Reform Act of 1990 guideline for "setting,

at the earliest practicable time, deadlines for filing motions and a time framework for their

disposition").

Plaintiff has shown good cause to revisit the schedule, given his difficulties in obtaining

information identifying the John Doe officers involved in his arrest.  Therefore, the Court **grants**

plaintiff's motion and extends the period of time within the Scheduling Order for amendment of

pleadings.  The next issue is the duration of the extension.

Plaintiff states he needs six months before he could move to amend his pleading, restating

his need to obtain discovery to identify the John Doe officers (Docket No. 50, Pl. Decl. at 6) but

he does not state what he intends to do during that period to get him in a position to amend the

Complaint (namely, to enable him to name the John Doe defendants and allege their activities).

Plaintiff's first motion only sought three months for the extension of time for him to amend his pleading (see Docket No. 28, Pl. Decl. ¶ 12).  The period of time granted in the last Orders were intended to "give plaintiff sufficient time to conduct discovery on identifying these officers (among other discovery issues) [and] to allow him time to amend the Complaint" (Docket No. 37, Order of May 1, 2007, at 7-8), including sufficient time to move to compel if plaintiff did not receive answers to his discovery or receive insufficient responses thereto (id. at 8).  As previously noted, plaintiff has not moved to compel either sets of defendants and, from the prior motion practice in this case and his disavowal of such a motion before (see Docket No. 35, Pl. Reply, ¶¶ 1, 2, 3, 6; Docket No. 37, Order at 4, 7), plaintiff is aware of this motion practice.  In fact, the steps outlined in one of his present Declarations (noting the inadequacies of defense responses, attempts to confer with defense counsel prior to making this motion, see generally Docket No. 50, Pl. Decl.) are the prerequisites to a motion to compel under Rule 37(a).  By not moving to compel, however, plaintiff is not using one key tool to help in obtaining the information he claims to need to identify the John Does and allow him to amend his Complaint. Plaintiff gives the Court the alternative of a six-month delay in his motion for leave to amend or delay over a "reasonable" period of time (deemed to plaintiff to also be six months, Docket No. 50, Pl. Decl. Relief Requested at 6).  Hence, it is not clear why plaintiff needs so much time when the status quo may remain the same six months from now (barring plaintiff filing an actual motion to compel).

Furthermore, the Chautauqua County defendants' answers to Interrogatories lists the known names of participants in this incident, mainly Jamestown and Chautauqua County employees and acknowledged the presence of unknown New York State Police officers (see

19

Docket No. 50, Pl. Decl. Ex. D).  These Interrogatory answers provide sufficient information for plaintiff to amend the Complaint to name any or all of these persons as the John Doe defendants. Their answer to Interrogatory Nos. 10 and 11 (id.), for example, names eight other Chautauqua County Sheriff's Department officers (aside from defendant Bentley) who entered plaintiff's house and "physically participated in the apprehension and seizure of the Plaintiff," while the answer to Interrogatory No. 8 (id.) denies that any Jamestown police officers participated in plaintiff's arrest and seizure.  The answer to Interrogatory No. 9 (id.) names eight other Jamestown police officers (aside from defendant Franzen) who were at the scene, part of the negotiations team, or were SWAT members who participated.  This may be enough to allege their respective participation as the John Doe defendants.

Alternatively, plaintiff could conduct further discovery (such as depositions) of these individuals to learn from them whether they were involved in the arrest and the extent of their involvement or, upon plaintiff seeing them in the deposition whether he recognizes them as participants in his arrest.

As a result, the extension of time for plaintiff's motion for leave to amend the Complaint is **granted** but not to the extent sought by plaintiff.  Amendment of pleadings will now be due **thirty days** from the entry of this Order, or by **October 10, 2007**.  **This is the final extension of the deadline to amend pleadings in this action**.

B.      Extension of Balance of Schedule

Plaintiff, in seeking this extension of the pleading amendment deadline, has not sought additional time to conclude discovery.  Plaintiff has been conducting discovery (e.g., Docket No. 40) as have defendants (see, e.g., Docket No. 47, 41, 42-43), the subject of the motions

20

discussed above.  Presumably, once plaintiff moves for leave to amend and, if that motion is

granted, the new parties are identified and appear in this action the new parties may seek

additional time to conduct their discovery.  Although much of that discovery has been obtained

already (or will be obtained shortly) by the named Jamestown and Chautauqua County

defendants, further discovery may be required from these putative new defendants and by these

parties.  The Court will extend the rest of the existing schedule, thus the deadlines for discovery

and remaining elements of this case need to be changed.  The Conclusion contains the (Second)

Amended Scheduling Order deadlines for this action.

## CONCLUSION

As stated above, plaintiff's motion to object to and to vacate the deposition notice

(Docket No. 42) is **denied**.  Plaintiff's motions to vacate defendants' interrogatories (Docket

Nos. 43, 59) are also **denied**.

Defendants are instructed to file their discovery, in particular the notices for depositions

(both the original and revised notices), as required by this Court's Local Civil Rules, W.D.N.Y.

Loc. Civ. R. 7.1(a)(1).

Chautauqua County defendants' motion (Docket No. 54) to compel plaintiff to comply

with discovery demands and to appear at a deposition is **granted**.  The parties shall promptly

reschedule plaintiff's deposition.  Plaintiff should answer defendants' Interrogatories and execute

authorizations for release of his medical records forthwith.

Plaintiff's motion to extend the Amended Scheduling Order to extend his time to move

for leave to amend the Complaint (Docket No. 50), is **granted in part** as outlined below.

## SECOND AMENDED SCHEDULING ORDER

The Amended Scheduling Order (Docket Nos. 37, 38, 39) is amended as discussed above. To wit, plaintiff has **thirty days** from entry of this Order to move for leave to amend his Complaint, or by **October 10, 2007**.

Plaintiff's expert disclosure is now due by **November 2, 2007**; defendants' expert disclosure is due by **December 6, 2007**; all expert disclosure shall be completed by **December 20, 2007**; all discovery (fact and expert) shall conclude by **January 22, 2008**, and motions to compel are due thirty days prior, or by **December 21, 2007**; dispositive motions are due by **April 18, 2008**; if no motions are filed, pretrial statements will be due by **June 27, 2008**.

Pretrial conference before the undersigned, to discuss the status of this case and possible settlement, shall be held on **Tuesday, February 5, 2008, at 2 pm**, before the undersigned; parties are to submit to chambers (but not file) settlement briefs pursuant to the conditions attached and incorporated herein.

Dates for final pretrial conference before Judge Skretny and start of the trial before him will be stated in a separate Order (cf. Docket No. 39).

**NO FURTHER EXTENSIONS OF THE SCHEDULE IN THIS ACTION WILL BE GRANTED**.

So Ordered.

_/s/ Hugh B. Scott_

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
            September 10, 2007

Attachment:    Settlement Conference Requirements

## Settlement Conference Requirements

Trial counsel, parties, and/or persons with full authority to settle the case are hereby

**ORDERED TO** personally attend the settlement conference, unless excused by the court for

good cause.  If any consent to settle is required for any reason, the party with the consent

authority shall be personally present to the settlement conference.  If no trial counsel, or person

with full authority to settle a case is personally present at the settlement conference, unless

excused for good cause, the party may be subject to appropriate sanctions pursuant to Rule 16(f)

of the Federal Rules of Civil Procedure.

**Prior Settlement Discussions:**  Experience teaches that settlement conferences are often

unproductive unless the parties have exchanged demands and offers ***before*** the conference and

made a serious effort to settle the case on their own.  Accordingly, before arriving at the

settlement conference, the parties are to negotiate and make a good faith effort to settle the case

without the involvement of the Court.  Specific proposals and counter proposals shall be made.

If settlement is not achieved before the settlement conference, the parties shall be prepared to

engage in further negotiations at the conference.

**Settlement Statements/Briefs:**  In addition to discussing settlement among themselves

and exchanging demands and offers ***before*** the conference, written statements of the position of

each party shall be submitted to the Hon. Hugh B. Scott, 414 United States Court House,

68 Court Street, Buffalo, New York 14202, and served on other parties ***at least five court days***

***prior to the settlement conference***, unless otherwise ordered.  If service is by mail, all papers

must be mailed not less than ten days before the court date.  Settlement conference statements

shall not become a part of the file and will be discarded.  Confidential matters may be brought to

the attention of the settlement judge during the settlement conference either orally or in writing.

Statements shall not exceed five pages, not including attachments, and shall include the

necessary information to concisely support issues of liability and damages, including a settlement

demand and offer, as well as an itemization of special and general damages, if applicable.

More specifically, the settlement statement/brief should include the following:

1. A brief statement outlining the names of the parties and their counsel;

2. A discussion of the factual and legal issues of the case, including a discussion of any reports and recommendations, or decisions and orders that have been issued in the case;

3. A discussion of plaintiff's, or any other party's, available remedies/damages (*e.g.*, in an employment discrimination case the amount of back pay, subsequent earnings, mitigation, reinstatement or front pay, compensatory damages, if any, etc.; in a personal injury case, a description of plaintiff's injuries, medical records, IMEs, wage loss, if any, and mitigation, etc.);

4. The status of the litigation, including discovery, dispositive motions and trial date, if any;

5. The status of settlement discussions, including the latest demand and offer that has been exchanged in accordance with this Order; and

6. Any other issue that the party believes is relevant and would facilitate settlement.

Each party is directed to forward two copies of its settlement brief to Magistrate Judge

Hugh B. Scott, and one copy to all other parties.  **DO NOT FILE OR ELECTRONICALLY**

**TRANSMIT FOR FILING THE SETTLEMENT STATEMENT OR BRIEF**.

The purpose of the settlement conference is to facilitate settlement of this case, if that is

appropriate.  It will be conducted in such a manner as not to prejudice any party in the event

2

settlement is not reached.  To that end, all matters communicated to the Magistrate Judge in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge.

**IF THE PARTIES CONTEMPLATE CONSENTING TO JURISDICTION FOR TRIAL BEFORE THE MAGISTRATE JUDGE, SUCH SHOULD TAKE PLACE OR BE MADE KNOWN PRIOR TO THE INITIAL SETTLEMENT CONFERENCE IN THIS CASE SO THAT THE UNDERSIGNED MAGISTRATE JUDGE DOES NOT CONDUCT SETTLEMENT PROCEEDINGS IN THIS MATTER**.

The parties are directed to review Rule 16(f) of the Federal Rules of Civil Procedure, which provides for appropriate sanctions, in the event a party or its attorney fails to obey a scheduling or pre-trial order of the Court, or fails to appear at a pre-trial conference, or is unprepared to participate in the conference, or fails to participate in the conference in good faith. The request for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement.