UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY SAMUEL TOTA,

                              Plaintiff,

                                                         **Hon. Hugh B. Scott**

                    v.                                        06CV514S

                                                             **Order**

DAVID W. BENTLEY, et al.,

                              Defendants.


Before the Court are the motion of defendants[1] for a protective Order (Docket No. 119[2])

and plaintiff's motion for an additional period of discovery (Docket No. 128[3]).  Responses to

defendants' motion initially were due on or before July 7, 2008, and any reply was due on or

before July 14, 2008 (Docket No. 120).  At plaintiff's motion for additional time for briefing

(Docket No. 124), responses were extended to be due by July 14, 2008, and any reply due by

July 21, 2008 (Docket No. 125).

---

[1]The remaining defendants in this action, and movants herein, are David W. Bentley, Steven Anderson, Bryan Burmaster, John Desnerck, Jeffrey Hover, Stephen Madonia, Jeffery Nelson, James Rensel, and Dale Van Vlack.  All are officers in the Chautauqua County Sheriff's Department.

[2]In support of this motion, defendants filed their attorney's affidavit with exhibits, Docket No. 119.  Defendants did not submit a reply.
    In opposition, plaintiff filed his motion for discovery, Docket No. 128, with exhibits.

[3]Defendants did not file a separate response in opposition to this motion.

Responses to plaintiff's motion for additional period of discovery were due by July 21, 2008, and both motions were deemed submitted (without oral argument) on July 21, 2008 (Docket Nos. 129, 125).

## BACKGROUND

Familiarity with the facts from prior Orders in this case (see, e.g., Docket Nos. 12, 37, 64, 92, 109) is presumed.

Plaintiff filed his Complaint on July 31, 2006, alleging that, on August 4, 2003, special weapons and tactics teams from the Jamestown Police Department and Chautauqua County Sheriff's Department used excessive force upon him (see Docket No. 1, Compl.).  The original Complaint named as defendants the City of Jamestown and Chautauqua County, Jamestown police officer Franzen, Chautauqua County Sheriff's deputy David Bentley, John Doe Jamestown Police Department Special Weapons and Tactics officers, and John Doe Chautauqua County Sheriff's Department Special Weapons and Tactics ("SWAT") officers (id.).  Plaintiff alleges that, during the entry of the SWAT teams, he was "permanently" injured with respect to his back, right eye, and right shoulder blade (id. attachment, Statement of Claim ¶¶ 1, 4-6, 13, 14). Chautauqua County, Bentley, and county SWAT John Doe officers answered the initial Complaint on September 27, 2006 (Docket No. 3[4]).

After seeking and obtaining discovery to identify the John Doe defendants (Docket Nos. 9, 28), plaintiff moved for leave to amend the Complaint to name them (Docket No. 78), which was granted (Docket No. 92, Order of Nov. 19, 2007).  Plaintiff was given fifteen days from entry of the Order granting leave to file and serve the Amended Complaint (id.).  Plaintiff

_____

[4]As did the City of Jamestown, Docket No. 8.

filed his Amended Complaint on December 3, 2007 (Docket No. 94).  Plaintiff served the last of

the new defendants by March 2008, when defense counsel for Bentley and Chautauqua County

agreed to accept service (see Docket No. 110, minute entry, Mar. 4, 2008; text entry, Feb. 14,

2008, summons issued to other defendants).

In the Amended Complaint, plaintiff now asserts claims against Bentley and eight other

named Sheriff's Department officers and apparently dropping claims against Chautauqua County,

the City of Jamestown, and employees of the Jamestown Police Department (including Franzen

and the unknown John Doe city officers).  According to his Amended Complaint (Docket

No. 94), plaintiff seeks compensatory and punitive damages for his physical injuries as the result

of the alleged excessive use of force by county SWAT officer Bentley and the other named

Chautauqua County Sheriff's Department officers (id. at 5, 1, 6-7).  Bentley and the other

sheriff's department employee defendants answered the Amended Complaint on March 17, 2008

(Docket No. 114).

The current Amended Scheduling Order (Docket No. 65, Order of Sept. 10, 2007; see

Docket No. 101, Order of Jan. 16, 2008) had discovery conclude by January 22, 2008, dispositive

motions were due by April 18, 2008, and pretrial statements by June 27, 2008.  The Amended

Scheduling Order indicated that no further extensions of that schedule would be granted (Docket

No. 65, Order at 22; see Docket No. 119, Defs. Atty. Aff. ¶ 3, Ex. A).  Having not moved for

summary judgment, defendants filed their pretrial statement on June 26, 2008 (Docket No. 122),

as did plaintiff (Docket No. 123).  Final pretrial conference before Judge William Skretny was

scheduled for July 16, 2008, and the trial of this action is scheduled to commence on September

16, 2008 (Docket No. 101), but, given these pending motions, Judge Skretny adjourned the final

pretrial conference and will reset it in a separate Order (Docket No. 126).

*Defense Motion for a Protective Order*

Plaintiff has sought discovery from the new defendants (that is, the individual defendants

save Bentley) after the close of discovery (Docket No. 121, discovery demands and notices dated

May 27, 2008 at pages 24 of 64 to 64 of 64, eight interrogatories) without moving for extension

of the discovery deadline.  After seeking to have identification questions answered, plaintiff

sought answers from these new defendants individually as to when, where and how they entered

his house and whether officers from other agencies also entered.  According to plaintiff, these are

the same Interrogatories posed to defendant Bentley (Docket No. 128, Pl. Decl. ¶ 30)[5].

Defendants move for a protective Order against being compelled to answer this latest

discovery (Docket No. 119), arguing that plaintiff's discovery sought against them is untimely

under the Scheduling Order.  They complain that they received plaintiff's Interrogatories on

May 28, 2008.  Defense counsel then called plaintiff asking him to withdraw these demands as

untimely, indicating that defendants would not answer them.  (Docket No. 119, Defs. Atty. Aff.

¶¶ 4-6, Ex. B.)

*Plaintiff's Motion to Grant a Period of Discovery*

Plaintiff complains that the defendants named in the Amended Complaint answered after

the discovery deadline expired hence preventing him from conducting disclosure and discovery

from them (Docket No. 128, Pl. Dec. ¶¶ 14, 16-17, 13).  He notes that the Court recognized in

---

[5]Plaintiff also sought to serve subpoenas upon various non-party witnesses, Docket
Nos. 111, 115, 121.

the last Amended Scheduling Order (Docket No. 65, Order of Sept. 10, 2007, at 21; see also

Docket No. 64, Order of Sept. 10, 2007, at 21) that, once plaintiff amended the Complaint and

the new defendants appeared, "further discovery may be required from these putative new

defendants and by these parties," (Docket No. 128, Pl. Decl. ¶ 18, Ex. A, at 21).  He argues that

he is entitled to obtain discovery from the new defendants (Docket No. 128, Pl. Decl. ¶ 19).  The

discovery deadline prejudiced plaintiff because it predates the formal appearances of the new

defendants (id. ¶ 20).  He contrasts the absence of prejudice to defendants if discovery is

reopened and extended for a period (see id. ¶ 30).

Plaintiff argues that defendant Bentley's answers to his Interrogatories were contradicted

by Bentley's deposition testimony, leading plaintiff to want to pose his proposed Interrogatories

to the new defendants to establish their version of the events (id. ¶¶ 24-28).

Plaintiff also seeks medical records from the authorizations he executed for defendants

(id. ¶ 24).  He describes his attempts to obtain his own medical records (or even treatment for

various injuries since the August 2003 incident) (id. ¶¶ 45, 48-52, 56-76).  All this, plaintiff

concludes, shows his good cause for reopening his discovery (id. at page 21 of 22).  He wants

three months to complete the limited discovery of answers to his proposed Interrogatories and

production of his medical records (id. at page 22 of 22).

## DISCUSSION

I.      Standard

At issue here is the belated discovery served by a pro se plaintiff.  Modification of a

Scheduling Order is done only upon a showing of good cause.  Fed. R. Civ. P. 16(b); see

6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure

§ 1522.1, at 230-31(Civil 2d ed. 1990).  "In the absence of some showing of why an extension is

warranted, the scheduling order shall control."  Id. at 231.  This Court has broad discretion in

preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d

375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is

shown, see Carnite v. Granada Hosp. Group, 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (Foschio,

Mag. J.) (Report & Recommendation), adopted, 175 F.R.D. at 441 (Arcara, J.).  This Court, in

Carnite, addressed plaintiff's failure to move to amend the Court's scheduling order and his

failure to raise "even [a] facially persuasive reason" to grant relief.  Carnite, supra, 175 F.R.D. at

448 (Foschio, Mag. J.).

Under Federal Rule 26(c), this Court may issue a protective Order to protect a party

"from annoyance, embarrassment, oppression, or undue burden or expense" by not allowing the

opponent to use a proposed disclosure or discovery device, or conditioning the time and manner

of that discovery.  Fed. R. Civ. P. 26(c)(1), (2)-(3); see id. R. 26(c)(4) (limit the scope or the

matters inquired into).  A party may not be compelled to respond to discovery requests after the

discovery cut off, see Williams v. Little Rock Mun. Water Works, 155 F.R.D. 188, 189 (E.D.

Ark. 1993), aff'd, 21 F.3d 218 (8th Cir. 1994); Smith v. Detroit Edison Co. , 793 F. Supp. 151,

153-54 (E.D. Mich. 1992) (plaintiff held not entitled to discovery after discovery deadline in

order to respond to summary judgment motion); but cf. La Chemise Lacoste v. Alligator Co.,

60 F.R.D. 164, 170 (D. Del. 1973) (where trial schedule was to be amended due to other motions

anyway, no prejudice to conducting discovery after initial cut off date).

The pleading of a pro se plaintiff are to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).  Thus, the careful adherence to the rules (cf. W.D.N.Y. Loc. Civ. R. 5.2(e)) has to take into account the fact that plaintiff is not an attorney.

II.      Application

    A.      Plaintiff's Discovery and Defendants' Motion for a Protective Order

Ordinarily, where a party has let a Scheduling Order deadline pass without seeking its extension to continue or complete a procedural step, absent good cause, the Court would not grant leave to reopen that process or extend the schedule to allow that party to complete that step. But here, two extenuating circumstances exist that justify a contrary result.  First, plaintiff is proceeding pro se and, second, the discovery he seeks is from defendants who formally appeared in the case after the close of discovery.  A represented party may have sought to amend the Scheduling Order to allow sufficient time to serve the new parties, cf. Fed. R. Civ. P. 4(m) (120 days from filing for service of Complaint) (cf. Docket No. 128, Pl. Decl. ¶¶ 10, 11), and to allow those parties to answer or otherwise formally appear and eventually respond to discovery demands.  Since plaintiff has been proceeding pro se, he may not have grasped this procedural nicety.

Although plaintiff here was ordered to file and serve his Amended Complaint within fifteen days of entry of the Order granting him leave to file it (Docket No. 92, Order of Nov. 19, 2007), he timely filed the amended pleading on December 3, 2007 (Docket No. 94) but indicated in a conference on March 4, 2008, that he was still in the process of serving the new defendants and defense counsel for Chautauqua County agreed to accept service for the last of the new

parties (Docket No. 110; see Docket No. 128, Pl. Decl. ¶ 11).  These defendants answered on

March 17, 2008 (Docket No. 114; see Docket No. 128, Pl. Decl. ¶ 12).

Defendants' motion for a protective Order presumes that plaintiff had plenty of time

under the amended Scheduling Order to conduct discovery, but that discovery was conducted

upon either parties no longer in the case (such as Jamestown and Chautauqua County) or upon

defendant Bentley, the only remaining individual defendant named in the initial Complaint, or

from John Doe defendants (through the municipal defendants still in the case) that were not

identified until months later and not appearing in this action until March 2008.  Absent an Order

for what would have been essentially pre-action discovery from the new defendants before they

appeared, plaintiff had no means of conducting discovery (or obtaining initial disclosure) from

the new defendants until they appeared.  Plaintiff's efforts at discovery regarding the former John

Doe defendants consisted of trying to identify them (Docket Nos. 9, 28) and not detailed

discovery as to their role available once they became identified and sued.

Given the possible inconsistency in Bentley's answers to plaintiff's Interrogatories and

his deposition testimony (see Docket No. 128, Pl. Decl. ¶¶ 24-29), the fact that he answered

those discovery questions does not justify precluding plaintiff from learning what the new

defendants' answers to those questions might be.

Plaintiff thus has shown good cause–from the timing of the service of the Amended

Complaint as compared with the Amended Scheduling Order–to warrant amendment of the

Scheduling Order deadline one last time.  Defendants are partially correct that discovery when

the ostensible deadline has long passed should not be prolonged.  Therefore, defendants' motion

for a protective Order (Docket No. 119) is **denied in part**, that is the absolute ban on discovery

defendants sought is **denied**, and **granted in part**, that is the discovery now allowed to plaintiff shall be limited, <u>see</u> Fed. R. Civ. P. 26(c)(1)(B) (protective order may specify terms, including time and place, for discovery), (D) (protective order may limit scope of discovery to certain matters), <u>see also id.</u> R. 26(c)(1)(C) (protective order may prescribe a discovery method other than the one selected by the party seeking discovery).  Plaintiff's discovery is limited in scope and time as stated below.

Plaintiff is restricted to the proposed Interrogatories directed to the new defendants (Docket No. 121, demands at pages 24 of 64 to 64 of 64).  Instead of the three months plaintiff seeks to complete this discovery (Docket No. 128, Pl. Decl. at page 22 of 22), defendants have until **September 22, 2008**, to respond and all discovery shall conclude on that date.  This should be sufficient time for the new defendants to answer plaintiff's interrogatories.

B.     Plaintiff's Medical Records

Plaintiff also seeks to reopen discovery to obtain his medical records.  He executed authorizations to defense counsel to release those records to counsel.

Notwithstanding whatever arrangements (not disclosed to the Court) defense counsel made with plaintiff regarding provision of plaintiff's medical records that defendants obtained and absent a document production request for those records (assuming defendants have copies of these records), defendants are not obliged to produce plaintiff's medical records for him.  Despite the statement in a prior Order (Docket No. 109, at 6-7) that "[f]ully executed medical authorizations issued to defense counsel may also assist in producing plaintiff's medical records, since defense counsel can obtain the materials and may have a better ability to obtain them from plaintiff's providers" (<u>cf.</u> Docket No. 128, Pl. Decl. ¶ 40, Ex. W), defendants were not ordered to

assist plaintiff in producing his own medical records.  "A party should seek medical records directly from the health care provider," 7-34 <u>Moore's Federal Practice–Civil</u> § 34.14 (2008); it is not defendants' responsibility to help plaintiff prove his claims or gather his evidence.

A represented party would obtain the client's medical records to make the client's case and rarely depend on authorizations issued to the opponent to discover the produced records from the opponent.  As a <u>pro se</u> litigant, plaintiff may not understand that he is obligated to obtain evidence under his control, such as obtaining his own medical records.

Therefore, plaintiff has until the **September 22, 2008**, discovery deadline in order to obtain his medical records (including copies of such records that defendants may have and such other recourse plaintiff may have with his non-party medical providers to obtain those records).

III.     Second Amended Scheduling Order

As a result, the previous amended Scheduling Order (Docket Nos. 65, 101) is hereby modified as follows (unless otherwise changed below, the remaining dates in the previous Scheduling Order continue in effect):  all remaining discovery ordered herein shall conclude on **September 22, 2008**; dispositive motions, if any, shall be filed no later than **December 2, 2008**; in the event no dispositive motions are filed, pretrial statements (or supplements to statements already filed, Docket Nos. 122, 123) in strict compliance with Local Civil Rule 16.1(d) shall be <u>filed and served</u> no later than **January 9, 2009**; a <u>final pretrial conference</u> pursuant to Fed. R. Civ. P. 16(d) and Local Civil Rule 16.1(f) and Jury Trial dates and times will be separately ordered by Judge Skretny.

**CONCLUSION**

For the reasons stated above, defendants' motion for a protective Order against untimely discovery (Docket No. 119) is **denied in part, granted in part** as discussed above.  Plaintiff's motion to reopen discovery (Docket No. 128) is **granted in part, denied in part**, again as discussed above; plaintiff shall complete the discovery described in this Order by **September 22, 2008**.  The Scheduling Order **is amended** as discussed in part III of this Order.

So Ordered.

_/s/ Hugh B. Scott_
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        August 12, 2008

11